# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAROLD LAWLEY, | Case No. 1:08-cv-01425-LJO |
| Petitioner, | DEATH PENALTY CASE |
| vs. | ORDER FOLLOWING PHASE I CASE MANAGEMENT CONFERENCE |
| ROBERT WONG, as Acting Warden of San Quentin State Prison, | DATE: January 22, 2009<br>TIME: 8:00 a.m. |
| Respondent. | COURTROOM FOUR |

This matter came on for a Phase I Case Management Conference ("CMC") January 22, 2009 at 8:00 a.m. in the above referenced Court, the Honorable Lawrence J. O'Neill presiding. Petitioner Dennis Harold Lawley ("Lawley") was represented by Assistant Federal Defender Lissa J. Gardner and appointed CJA attorney Wesley A. Van Winkle. Respondent Robert Wong, as Acting Warden of San Quentin State Prison, (the "Warden") was represented by Deputy Attorney General David A. Eldridge. All counsel appeared telephonically.

In the scheduling order for the Phase I CMC,[1] counsel were directed to be prepared to discuss the statute of limitations under 28 U.S.C. § 2244(d)(1), a timetable for the filing of the petition, and a protective petition, if necessary, the time necessary to assemble the record, and a date for the Warden to lodge the state record. The Court's preparation for the CMC was informed by confidential documents filed by both parties. Lawley filed a proposed Phase I budget, with a supporting declaration and budget-

---

[1] The scheduling order, filed January 7, 2009, Document 7, also noted the appointment of Lawley's federal counsel.

related documents as well as a Confidential Case Evaluation From.  The Warden filed a Confidential Case Evaluation Form.

Addressing the statute of limitations, the parties advised the Court that calculation of the limitations period presently is uncertain and unknowable because of on-going state habeas corpus proceedings pending before the California Supreme Court.  The habeas corpus petition currently pending before the California Supreme Court is Lawley's second state petition, filed on April 29, 2008, just seven weeks prior to the June 11, 2008 disposition of his first state habeas corpus petition.  The uncertainty in the calculation of the federal limitations period arises from the inability of the parties to predict whether the California Supreme Court will determine if the second petition was or was not filed in a timely manner.  If the state court determines that the second petition was timely filed, the one-year federal limitations period will not *commence* running until the second state habeas petition is denied (if it is denied).  If the state court determines that the second petition was untimely, the one-year limitations period began running on June 11, 2008, when the first state habeas corpus petition was denied, and will *expire* on June 11, 2009.  Lawley's attorneys indicated they intend to file a protective petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), by June 11, 2008 in order to preserve his rights under the federal statute.  Lawley's counsel also indicated an intention to file a motion for equitably tolling of the limitations period.  While the Warden acknowledged that the filing of a protective petition under *Pace* would preserve Lawley's claims, he did not concede any arguments or opposition that may be raised in response to a motion for equitable tolling.

Next, the Warden's counsel represented he could lodge the state record withing 30 days of the hearing.  The Court established February 24, 2009 as the due date for the Warden to lodge the state record.[2]

Phase I of this litigation will end March 7, 2009 and Phase II will commence on March 8, 2009.  The Court anticipates that the record review process to be undertaken by Lawley's counsel will overlap between Phases I and II.  To continue oversight and management of these federal proceedings, the Court

---

[2] The state record shall include: (A) transcripts of the state trial court proceedings; (B) appellant's and respondent's briefs on direct appeal to the California Supreme Court; (C) petitioner's and respondent's briefs in any state court habeas corpus proceedings, and all opinions, orders and transcripts of such proceedings; and (D) an index of all these materials.

established a date for the parties to participate in a Phase II CMC; that is, March 4, 2009 at 8:00 a.m. The Phase II CMC will be telephonic and initiated by counsel for Lawley. The parties are advised that Phase II is not considered complete in this Court until the pleadings are at issue and all disputes relative to exhaustion are resolved. Because of the pending state habeas corpus petition in this case there may be a break between the filing of the petition and the answer. At the Phase II CMC, the parties should be prepared to discuss the impact of the anticipated protective petition, the date on which a final petition will be filed, the procedure for notification of proceedings respecting Lawley's second state habeas corpus petition before the California Supreme Court, and the effect of equitable tolling, if granted.

Having exhausted topics to be discussed at the public portion of the Phase I CMC, the Court excused Mr. Eldridge from further participation so matters of funding and budget preparation could proceed ex parte with Ms. Gardner and Mr. Van Winkle. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires a showing of the need of confidentiality. Since budget applications require disclosure of matters protected by the attorney-client and/ or work product privileges, the need for confidentiality is inherent in the budgeting process. *See* Fed. R. Civ. P. 26(b)(3). Accordingly, budget forms and supporting documentation are filed under seal and court proceedings, though reported, similarly are maintained under seal. An order filed concurrently herewith, under seal, documents the results of the ex parte proceedings regarding a budget for Lawley's case.

IT IS SO ORDERED.

Dated:   January 23, 2009

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge