UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAROLD LAWLEY,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ROBERT J. WONG, as Acting Warden<br>of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 1:08-cv-01425-LJO<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING PHASE II CASE<br>MANAGEMENT CONFERENCE<br><br>HEARING DATE:　March 9, 2009<br>TIME:　　　　　　8:00 a.m.<br>COURTROOM FOUR |

　　　This matter came on for a Phase II Case Management Conference ("CMC") March 9, 2009 at 8:00 a.m. in the above referenced Court, the Honorable Lawrence J. O'Neill presiding. Petitioner Dennis Harold Lawley ("Lawley") was represented by Assistant Federal Defender Lissa J. Gardner and appointed CJA attorney Wesley A. Van Winkle. Respondent Robert J. Wong, as Acting Warden of San Quentin State Prison, (the "Warden") was represented by Deputy Attorney General David A. Eldridge. All counsel appeared telephonically.

　　　Since the January 22, 2009 Phase I CMC, the Warden timely filed an index of lodged state records on February 23, 2009. The actual records were received and recorded by the Court on February 25, 2009. There has been no reported change in the status of the state habeas corpus proceedings pending before the California Supreme Court. As a result, calculation of the one-year limitations period under 28 U.S.C. § 2244(d) remains uncertain. The Court solicited information from the parties as to the status of that pending state petition. Ms. Gardner reported that informal briefing on the state petition was completed on January 20, 2009 and the case now stands submitted before the California court. While counsel believe that court likely will enter a ruling on the state petition within the next six months, there is no

certainty the court will do so. Counsel for Lawley are directed to file quarterly status reports to update this Court on the progress of proceedings before the California Supreme Court. The first written quarterly status report shall be due on June 15, 2009. Subsequent status reports shall be filed in three month intervals thereafter. Should there be any significant development in the state court proceedings, especially those which could affect the calculation of the federal statute of limitations, the parties are directed to immediately notify the Court in a filed pleading captioned "Notice of Status of State Court Proceedings."

Counsel for Lawley previously advised the Court they would be filing a motion on behalf of their client to equitably toll the statute of limitations. Based on previous representations, the Court anticipated that the motion would be on file by March 6, 2009. At the CMC, Ms. Gardner explained there were unanticipated delays in preparing the motion, and that it will be filed on or before March 13, 2009. Mr. Eldridge represented that the Warden's opposition brief could be filed by April 13, 2009, and Mr. Van Winkle, together with Ms. Gardner, stated that Lawley's reply could be filed by April 20, 2009. If a hearing is necessary, it will be conducted telephonically on April 28, 2009 at 8 a.m. Lawley's counsel shall be responsible for organizing and initiating the call.

In addition to a motion for equitable tolling, the Court anticipates that Lawley will file a protective petition on or before June 11, 2009. The necessity for Lawley to engage in contingency litigation (motion for equitable tolling and protective petition) is the result of unclear time limits under California habeas corpus procedure and unpredictable delays by the California Supreme Court for deciding when and whether to address the merits of state petitions.

Since there will be several opportunities for the parties to discuss the filing of the final petition during the early stages of Phase II, no due date for that pleading or the Warden's answer will be established at this time. Nor is it possible to schedule another interim Phase II CMC or a Phase III CMC. The Court will have a better perspective of filing deadlines in this case following resolution of the anticipated motion for equitable tolling and the filing of the anticipated protective petition. Phase II will commence on March 10, 2009 and continue until the Warden files his answer to the final petition and all issues regarding state exhaustion are resolved.

Having addressed all the topics to be discussed at the public portion of the Phase II CMC, the Court excused Mr. Eldridge from further participation so matters of funding and budget preparation could

proceed ex parte with Ms. Gardner and Mr. Van Winkle. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires a showing of the need for confidentiality. Since budget applications require disclosure of matters protected by the attorney-client and/ or work product privileges, the need for confidentiality is inherent in the budgeting process. *See* Fed. R.Civ. P. 26(b)(3). Accordingly, budget forms and supporting documentation are filed under seal and court proceedings though reported, similarly are maintained under seal. An order filed concurrently herewith, under seal, documents the results of the ex parte proceedings regarding a budget for Phase II of Lawley's case.

IT IS SO ORDERED.

Dated: March 9, 2009

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge