UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAROLD LAWLEY, | Case No. 1:08-cv-01425-LJO |
| Petitioner, | DEATH PENALTY CASE |
| vs. | ORDER RE: PETITIONER'S MOTION TO HOLD FEDERAL PROCEEDINGS IN ABEYANCE |
| ROBERT K. WONG, as Acting Warden of San Quentin State Prison, | |
| Respondent. | November 23, 2009 Hearing Date: VACATED |

Petitioner Dennis Harold Lawley ("Lawley") moves the Court for an order holding in abeyance litigation in the within federal action during the pendency of state exhaustion proceedings[1] before the California Supreme Court. Respondent Robert K. Wong, as Acting Warden of San Quentin State Prison (the "Warden") filed a "qualified" notice of non-opposition to Lawley's motion.

**I.    Background**

CJA counsel, Wesley A. Van Winkle, and Assistant Federal Defender Lissa J. Gardner were appointed as counsel of record on January 7, 2009. During the initial case management conference, the parties agreed that the statute of limitations expired on June 11, 2009. ( This date was based on the date his first state habeas petition was denied and the cautionary assumption that his second, pending state habeas petition might not be considered timely.) On April 21, 2009, the Court granted Lawley's motion for prospective equitable tolling of the federal statute of limitations up to and including September 25,

---

[1] Currently there are two post-conviction petitions pending before the California Supreme Court. Lawley's second state petition, filed by state appointed counsel, Scott Kauffman, on April 29, 2008, and his third state petition filed by federally appointed counsel on October 15, 2009.

2009 to file his complete federal petition (doc. 25). Lawley filed a protective federal petition on June 11, 2009 to preserve the claims his state attorney presented to the California Supreme Court in the direct appeal and the existing state habeas petitions. On September 24, 2009, the Court granted Lawley's second motion to equitably toll the federal limitations period from September 25, 2009 to October 16, 2009. Lawley filed his complete, amended federal petition on October 16, 2009 ("Petition"). The day before, he filed a third state habeas petition with exhibits in the California Supreme Court. Lawley represents that the Petition includes claims as to which state court remedies have not be exhausted.[2]

## II.   The Standard for Holding Federal Proceedings in Abeyance

Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has discretion to stay a mixed petition to allow the petitioner to present unexhausted claims to the state court and then to return to federal court for review of his perfected petition. Because holding a federal petition in abeyance "frustrates AEDPA's objectives of encouraging finality," however, stay and abeyance is appropriate only when the district court determines (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) his unexhausted claims are not plainly meritless, and (3) he demonstrates he has not engaged in abusive litigation tactics or intentional delay. 544 U.S. at 277-78.

## III.   The Warden's Qualified Non-Opposition

The Warden does not oppose abeyance of the federal proceedings in light of the pending state petitions, as a stay would promote judicial economy and convenience. He does, however, object to a reference in Lawley's moving papers that the "actual murder weapon" was "found" during state habeas proceedings. To the extent the post-conviction discovery of the *actual* murder weapon has any bearing on the Court's decision to order abeyance, the Warden believes the Court should make a factual finding to this effect. It is Lawley's reference to the finding of the actual murder weapon which renders the Warden's non-opposition qualified.

## IV.   Discussion

The reference to the murder weapon in the moving papers is to a Smith and Wesson revolver "*alleged* to be the actual murder weapon." Motion, 3:19 (emphasis added). Although Lawley notes the

---

[2] These unexhausted claims are now before the California tribunal in the third state habeas petition.

weapon was found, he does not affirmatively represent in the motion the established fact that the weapon found was the actual murder weapon, only that it is alleged to be the actual murder weapon. The Warden's concerns about a factual finding to this effect, therefore are illusory. Although the Warden otherwise does not object to or discuss abeyance in his response, the *Rhines* factors must be addressed.

### A.     Good Cause and Lack of Delay

The good cause and lack of delay requirements are interrelated to diligence, particularly the diligence Lawley's attorneys have exercised since their appointment. Lawley explains that the unexhausted claims and additional factual allegations included in the Petition were discovered and developed as a result of federally authorized funding. Whereas federal funding has enabled Lawley's litigation team to investigate Lawley's formative years, develop his social history, and interview jurors, development of these allegations was precluded in state court because of the $25,000 funding ceiling imposed by the California Supreme Court. Lawley's appointed attorneys represent they have been diligent in investigating the case, gathering documents, and uncovering potentially meritorious claims. The good cause and lack of delay requirements are met.

### B.     Merit of Unexhausted Claims

The Court has reviewed three claims in the Petition Lawley represents as unexhausted, including Claims 4, 30, and 31. Lawley also points to additional allegations added to Claims 1-3, 5-29, and 32. Because the protective petition is not organized in the same manner as the complete petition, the Court cannot readily discern which allegations are added, and which were included in the protective petition. Nonetheless, the Court has reviewed the Petition in its entirety.[3] Should differentiation between allegations in the protective petition and the Petition become necessary, the Court will undertake this analysis. For purposes of the present motion, the Court addresses the potential merit of the admittedly unexhausted claims.

#### 1.     Claim 4 – Juror Misconduct

In this claim, Lawley contends that the jurors failed to credit clear evidence of his mental illness and failed to follow penalty instructions which directed them to consider the mitigating effect of his

---

[3] The Petition is comprised of a total of 32 claims, although many of these claims are presented with numerous sub-parts.

mental illness at sentencing. The jurors' respective omission seems to have been based on prior findings of the trial court that Lawley was competent to stand the trial and that he was competent to represent himself. Claim 4 also asserts that the guilt phase foreperson introduced extrinsic evidence, namely a biblical passage from the Book of Ecclesiastes, to improperly influence his co-jurors to vote for the death penalty. Separately Lawley claims statements communicated to jurors by the trial judge and bailiff to the effect that Lawley had threatened their lives (or at least their safety) were highly prejudicial both during guilt and penalty proceedings. Finally, Lawley alleges juror misconduct for the jurors' imposition of the death penalty as a means of retaining him in prison for life without the possibility of parole because they didn't believe the trial judge's explanation of life with parole actually signified Lawley would not be paroled.

The Court is not convinced that all the sub-parts and contentions of Claim 4 are meritorious within the meaning of *Rhines*, 544 U.S. at 277. The first sub-part in particular, and possibly the final sub-part as well, appear to be based on juror declarations elaborating on the deliberative process, including what factors influenced their respective ultimate decisions. This type of evidence is barred by Federal Rule of Evidence 606(b), which provides in pertinent part:

> Upon inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith.

To the extent juror testimony is presented to explain the fact that extrinsic evidence was introduced during the jurors' service on Lawley's jury, Rule 606(b) does not preclude the Court from considering Claim 4. The Court concludes that while portions of Claim 4 may not be meritorious, other portions have potential merit and are properly pleaded. Whether the Court ultimately grants or denies relief on any or all of the various sub-parts of Claim 4 will have to await further briefing and analysis.

### 2.   Claim 30 – Ineffective Assistance of Appellate Counsel

By way of background for Claim 30, Lawley explains that state appellate and post-conviction counsel, Scott Kauffman, raised a number of claims in Lawley's first state habeas corpus petition which could have been, but were not raised previously in the appellate brief. As a consequence, these pretermitted claims were procedurally defaulted under *In re Dixon*, 41 Cal. 2d 756 (1953) by the

California Supreme Court.  In Claim 30, Lawley alleges Mr. Kauffman was constitutionally ineffective for his failure to properly preserve these claims during direct appeal proceedings.

Although in at least one instance, the Court is uncertain whether the claim procedurally defaulted by the California Supreme Court was an appealable claim in the first instance, the majority of the pretermitted claims mentioned do appear to have been appellate claims.  Accordingly, the Court cannot say that Claim 30 is plainly meritless.  It therefore meets the *Rhines* standard.

### 3.    Claim 31 – Ineffective Assistance of State Habeas Corpus Counsel

Lawley alleges that Mr. Kauffman's state habeas investigation was severely hampered by inadequate funding and to the extent Mr. Kauffman failed to request or obtain adequate funds, that Mr. Kauffman provided ineffective assistance of counsel during these post-conviction proceedings. Additionally he alleges Mr. Kauffman failed to complete a California Penal Code § 1054.9 motion or a *Pitchess* motion to obtain all documents available under those procedures, failed to raise the claim of ineffective assistance of appellate counsel (which would have been against himself) in Lawley's first state habeas petition, and failed to protect Lawley's interests during the evidentiary hearing that was conducted in state court on select claims in the first state habeas petition.  Specifically, at the state court evidentiary hearing, Mr. Kauffman did not impeach the trial prosecutor with available materials, did not object to the shackling of Brian Seabourn during his (Mr. Seabourn's)[4] testimony, did not object to Deputy Attorney General David Eldridge appearing on behalf of the California Attorney General's Office and the California Department of Corrections and Rehabilitation, and did not object to sealing the proceedings without a showing of cause.

It has long been held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Consequently, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.*; *see also Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008); *Harris v. Vasquez,* 949 F.2d 1497, 1513-14 (9th Cir. 1990).  Given this controlling and well-established authority, the Court finds that Claim 31 *is* plainly meritless and subject to dismissal as non-cognizable.

---

[4] Brian Seabourn was the actual shooter in the murder for which Lawley was convicted.

**V.     Order**

Except as to Claim 31, Lawley's motion to hold federal proceedings in abeyance during the pendency of his state habeas proceedings is granted. With respect to Claim 31, Lawley may respond to the Court's tentative ruling to dismiss this claim within two calendar weeks from the filing of this order. If the Warden wishes to be heard on this matter, he may file points and authorities within one calendar week of Lawley's submission. Thereafter, the matter will stand submitted and the Court will issue a ruling. The hearing currently calendared for November 23, 2009 is vacated.

Once the Court rules on Claim 31, litigation of the Petition in this Court will not resume, if it resumes, until both Lawley's pending state habeas petitions are resolved against him by the California Supreme Court. In the interim, Lawley is directed to file quarterly status reports advising the Court on the litigation status of his state petition, commencing January 5, 2010. Once state exhaustion is complete, Lawley shall notify the Court of this fact promptly. Within 60 days of this notice, the Warden is directed to file an answer consistent with Rule 5 of the Rules Governing § 2254 Cases. The answer shall be filed without points and authorities and shall raise all substantive and procedural affirmative defenses the Warden intends to pursue. Within 30 days from the Warden's filing of the answer, the parties are directed to meet and confer for the purpose of discussing their respective positions about the exhaustion status of the petition. Within 45 days from the Warden's filing of the answer, the parties shall file a joint statement setting forth their respective positions regarding the exhaustion status of the petition. Lawley shall contact the Court to schedule a case management conference to be set within 60 days from the filing of the Warden's answer.

IT IS SO ORDERED.


Dated:   October 27, 2009

                                        /s/ Lawrence J. O'Neill
                                        Lawrence J. O'Neill
                                        United States District Judge