UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAROLD LAWLEY, ) | Case No. 1:08-cv-01425-LJO |
| Petitioner, ) | DEATH PENALTY CASE |
| vs. ) | ORDER DISMISSING CLAIM 31 AS NON-COGNIZABLE |
| ROBERT K. WONG, as Acting Warden of San Quentin State Prison, ) | |
| Respondent. ) | |

On October 27, 2009, the Court issued an order holding in abeyance litigation of the federal petition of Petitioner Dennis Harold Lawley ("Lawley"), except Claim 31. In Claim 31, Lawley alleged ineffective assistance of his state appointed counsel who presented his first two state habeas corpus petitions to the California Supreme Court. The Court advised that there is no remedy for ineffective assistance of counsel in state post-conviction proceedings because there is no constitutional right to counsel in such proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008); *Harris v. Vasquez*, 949 F.2d 1497, 1513-14 (9th Cir. 1990).

Lawley was directed to respond to the Court's tentative ruling to dismiss Claim 31 as non-cognizable no later than November 10, 2009. No response was filed; Claim 31 therefore is dismissed.

Pursuant to the October 27, 2009 order, litigation of the federal petition shall remain in abeyance during pendency of Lawley's third state habeas corpus petition. During the abeyance period, Lawley shall file quarter status reports advising the Court on the litigation status of his state petitions, with the first such status report to be filed January 5, 2010. Once state exhaustion is complete, Lawley shall notify the Court of this fact promptly. Within 60 days of this notice, the Warden is directed to file an

answer consistent with Rule 5 of the Rules Governing § 2254 Cases. The answer shall be filed without points and authorities and shall raise all substantive and procedural affirmative defenses the Warden intends to pursue. Within 30 days from the Warden's filing of the answer, the parties are directed to meet and confer for the purpose of discussing their respective positions about the exhaustion status of the petition. Within 45 days from the Warden's filing of the answer, the parties shall file a joint statement setting forth their respective positions regarding the exhaustion status of the petition. Lawley shall contact the Court to schedule a case management conference to be set within 60 days from the filing of the Warden's answer.

IT IS SO ORDERED.

Dated:   November 17, 2009

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge