IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAROLD LAWLEY,<br><br>        Petitioner,<br><br>vs.<br><br>Michael Martel, as Acting Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:08-cv-01425 LJO<br><br>DEATH PENALTY CASE<br><br>ORDER RE: SUPPLEMENTAL LODGEMENT OF STATE RECORD |

On February 25, 2009, Respondent Michael Martel, as Acting Warden of San Quentin State Prison, (the "Warden") lodged the extant state record and filed an index describing that record. Since that time, further proceedings have been conducted before the California Supreme Court and additional documents have been filed in Lawley's two pending state habeas corpus actions, under case numbers S163136 and S177188. Lawley has filed two motions for leave to lodge state records in this Court. The first one, filed October 16, 2009 was denied as moot on October 27, 2009 after Lawley lodged records on October 23, 2009. The second, filed December 16, 2011 was withdrawn.

It is not necessary for the parties to incrementally lodge state filings during the pendency of the state proceedings. Rather, under Local Rule 191(h)(1), lodging state records and filing an index is the responsibility of the Warden. Since two state habeas corpus petitions currently are pending before the California Supreme Court and federal proceedings are being held in abeyance as a result of the pendency of these exhaustion petitions, the Court would ask that the lodgement of further state records be delayed until the two pending state petitions have been resolved. Should the California Supreme Court resolve both adversely to Lawley, federal proceedings will resume.

1     In that event and at that time, the Warden should supplement the lodgement and index of the state record. Although the Warden need not duplicate the lodging of Lawley's state petition and exhibits previously received by the Court on October 23, 2011, those documents should be included in the supplemental index. The Court anticipates the parties will collaborate without Court intervention to determine which records are lodged and indexed. Communication and agreement between the parties on this issue should be on-going, during pendency of the state proceedings.

IT IS SO ORDERED.

Dated:    January 19, 2012

                                         /s/ Lawrence J. O'Neill
                                            Lawrence J. O'Neill
                                        United States District Judge